T.C. Memo. 2001-171


UNITED STATES TAX COURT


LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 910-00.                                    Filed July 9, 2001.


<u>Stephen M. Feldhaus</u>, <u>Jasper G. Taylor III</u>, and <u>Richard L. Hunn</u>, for petitioner.

<u>Stephanie L. Caden</u> and <u>Elizabeth S. Henn</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, <u>Judge</u>:  Respondent determined that petitioner had unrelated business taxable income (UBTI) under section 511(a)[1]

_____

[1] Section references are to the Internal Revenue Code in effect for the years in issue.

which resulted in the following deficiencies in its Federal income tax and additions thereto:

| Year | Deficiency | Addition to tax sec. 6651(a) |
|------|-----------|------------------------------|
| 1987 | $348,590 | $87,148 |
| 1988 | 195,821 | 48,955 |
| 1989 | 153,612 | 38,403 |
| 1990 | 193,902 | 48,476 |
| 1993 | 361,042 | 90,261 |
| 1994 | 359,321 | 89,830 |
| 1995 | 427,903 | 106,976 |
| 1996 | 433,685 | 108,421 |

Following respondent's concession that petitioner is not liable for the additions to tax, and our prior holding that respondent failed to determine timely deficiencies for 1987, 1988, and 1989 we are left to decide whether petitioner received UBTI in 1990 and in 1993 through 1996, inclusive.

## FINDINGS OF FACT[2]

Petitioner is a labor union whose principal office was in Washington, D.C., when the petition was filed. During the subject years, petitioner was a tax-exempt labor organization under section 501(c)(5). Petitioner is an accrual method taxpayer that uses the calendar year for purposes of its consolidated Federal income tax return.

Petitioner is affiliated with other unions. The National Postal Mail Handlers Union (Mail Handlers) is affiliated with petitioner under an "Agreement of Affiliation". Mail Handlers is

---

[2] Some of the facts have been stipulated and are so found.

a separate, autonomous division of petitioner with many affiliated local unions. Unlike other formerly independent national unions that have become subordinate bodies of petitioner, the national identity of Mail Handlers was retained. Mail Handlers and its affiliated local unions were not integrated into petitioner's organizational structure.

Mail Handlers has two categories of members, regular and associate members. Upon payment of a fee to Mail Handlers, associate members are entitled to participate in Mail Handlers' health plan. The primary reason that individuals become Mail Handlers' associate members is to participate in its health plan. The associate members of Mail Handlers are not members of, associates of, or otherwise affiliated with petitioner. Mail Handlers' associate members are not entitled to any right, privilege, or benefit from petitioner. In the subject years, petitioner did not provide any benefit or service to Mail Handlers' associate members.

Mail Handlers collects dues from its associate members through a national uniform billing program. Mail Handlers retains part of those dues and remits the rest to local unions.

For all years in issue, petitioner did not itself operate,

sponsor, or provide the insurance program operated by the Mail Handlers' health plan.[3]

Petitioner raises funds to cover its cost of operation by levy of a "per capita tax" on its own members and on affiliated unions. Per capita taxes are the traditional way that national and international unions fund their activities to accomplish their exempt purposes. During the subject years, petitioner levied a per capita tax on Mail Handlers. The tax was calculated with reference to the number of regular and associate members of Mail Handlers. These per capita taxes were set at different rates for the associate and regular members. During the years in issue, petitioner engaged in the following activities: Serving as the voice of its regular members in the labor movement at large and operating a substantial legislative department that lobbies Congress and Federal agencies for legislation and regulations that will benefit its regular members and affiliated bodies. Petitioner also engaged in coordinating the legal strategy and efforts for its affiliates and providing direct legal services where appropriate, maintaining professionally staffed departments for research, education, international affairs public relations, membership, jurisdiction, organizing, construction, maintenance, and service trades, and others that work for the direct benefit

---

[3] Respondent concedes that the activities of Mail Handlers are not attributable to petitioner.

of all its affiliated bodies and regular members, acting as an appellate body to resolve internal disputes among the affiliated bodies and between regular members and affiliated bodies, and negotiating and administering national collective bargaining agreements in numerous industries that provide job opportunities for regular members, and that are serviced by local union and district councils in coordination with the Mail Handlers. The above-listed activities benefited Mail Handlers during the years in issue.

## OPINION

We must decide whether the income received by petitioner in the form of the per capita tax imposed on Mail Handlers and calculated with reference to the number of associate members in Mail Handlers constitutes UBTI under sections 511 through 513. Petitioner is a section 501(c)(5) exempt organization. Section 511(a) imposes a tax on the UBTI of exempt organizations. In relevant part, section 511(a) provides:

> SEC.511(a). Charitable, etc., Organizations Taxable at Corporation Rates.
>
> (1) Imposition of tax.--There is hereby imposed for each taxable year on the unrelated business taxable income (as defined in section 512) of every organization described in paragraph (2) a tax computed as provided in section 11. In making such computation for purposes of this section, the term "taxable income" as used in section 11 shall be read as "unrelated business taxable income".
>
> (2) Organizations subject to tax.--

(A) Organizations described in sections 401(a) and 501(c).--The tax imposed by paragraph (1) shall apply in the case of any organization (other than a trust described in subsection (b) or an organization described in section 501(c)(1)) which is exempt, except as provided in this part or part II (relating to private foundations), from taxation under this subtitle by reason of section 501(a).

Section 512 defines UBTI as follows:

SEC. 512.  UNRELATED BUSINESS TAXABLE INCOME.

(a) Definition.--For purposes of this title--

(1) General rule.--Except as otherwise provided in this subsection, the term "unrelated business taxable income" means the gross income derived by any organization from any unrelated trade or business (as defined in section 513) regularly carried on by it, less the deductions allowed by this chapter which are directly connected with the carrying on of such trade or business, * * *.

Section 513 defines the term "unrelated trade or business".

In relevant part, that section provides:

SEC. 513.  UNRELATED TRADE OR BUSINESS.

(a) General Rule.--The term "unrelated trade or business" means, in the case of any organization subject to the tax imposed by section 511, any trade or business the conduct of which is not substantially related (aside from the need of such organization for income or funds or the use it makes of the profits derived) to the exercise or performance by such organization of its charitable, educational, or other purpose or function constituting the basis for its exemption under section 501 * * *.

In summary, sections 511 through 513 require an otherwise tax-exempt organization to pay tax on its UBTI.  Sec. 511(a)(1).  UBTI is an organization's gross income, less allowable

deductions, produced from (1) any trade or business (2) regularly carried on by the organization (3) which is not substantially related (aside from generating revenue) to the organization's tax-exempt purposes. Secs. 512(a)(1) and 513(a); <u>United States v. Am. Bar Endowment</u>, 477 U.S. 105, 109-110 (1986); <u>United States v. Am. Coll. of Physicians</u>, 475 U.S. 834, 838-839 (1986). This tax is designed to restrain unfair competition by otherwise tax-exempt organizations engaged in profit-making activities without unnecessarily discouraging benevolent enterprise. <u>United States v. Am. Coll. of Physicians</u>, <u>supra</u> at 837-838. Where an activity does not possess the characteristics of a trade or business within the meaning of section 162, such as when an organization sends out low-cost articles incidental to the solicitation of charitable contributions, the unrelated business income tax does not apply since the organization is not in competition with taxable organizations. Sec. 1.513-1(b), Income Tax Regs.

On the record before us, we can find no activity performed by petitioner that competes with taxable organizations. One section 501(c)(5) organization, such as petitioner, levying a "per capita tax" on another section 501(c)(5) organization so that the first organization may perform its exempt functions simply is not conducting a trade or business as that term is defined for the purposes of section 162. Petitioner does not provide insurance or services in competition with taxable entities.

Respondent argues "petitioner's collection of income from the associate membership of Mail Handlers constitutes a trade or business." Respondent's argument is flawed. First, as a factual matter, petitioner does not collect any income from the associate membership of Mail Handlers. Mail Handlers collects dues from its associate members. It is irrelevant to the issue before us that receipt of that income by Mail Handlers may well be UBTI to Mail Handlers. Mail Handlers is not before the Court. Second, other than the services petitioner provides its members and affiliated unions in furtherance of its exempt purposes, petitioner provides no goods or services for a profit and therefore cannot be in an unrelated trade or business. Although respondent correctly observes that courts have found that the collection of associate dues in exchange for access to a health insurance program constitutes a trade or business, see, e.g., Am. Postal Workers Union v. United States, 925 F.2d 480, 483 (D.C. Cir. 1991), petitioner does not provide access to the Mail Handlers' health plan.

Respondent further argues:

In substance, the income petitioner receives is a portion of the associate member dues retained by Mail Handlers. The income may not have come to petitioner directly from the associate members, but each dollar petitioner collects from Mail Handlers is generated from the unrelated trade or business activity of providing access to health insurance. This is the same unrelated trade or business activity that generates UBTI to Mail Handlers and its Local Unions. The portion of associate member dues that is forwarded to petitioner, therefore, should retain its character as UBTI when it is passed along to petitioner. The associate member dues paid to Mail Handlers and then to

- 9 -

> petitioner remain associate member dues for access to health insurance. * * * Respondent contends that the character of the income does not change when the income is apportioned between petitioner, Mail Handlers, and Mail Handlers' Local Unions.

We again find respondent's argument and factual analysis flawed. We have found, and respondent cites, no authority for the novel proposition that the character of the income does not change "when the income is apportioned between petitioner, Mail Handlers, and Mail Handlers' Local Unions."  Nor do we find that petitioner, Mail Handlers, and Mail Handlers' Local Unions were in a joint enterprise that "apportioned" dues received by Mail Handlers from Mail Handlers' associate members.  The proper characterization of the income of parties not before the Court is, in the instant case, not relevant to the proper characterization of petitioner's receipts of per capita taxes.

We conclude that the receipt of per capita taxes calculated with reference to the number of associate members of Mail Handlers is not UBTI to petitioner.  Accordingly, for the reasons set out above,

<u>Decision will be entered for petitioner.</u>